**UNITED STATES of America, Appellee,**

v.

**Ronnie BRYSER and Vincent DeGerolamo, Defendants,**

**Gerald DeGerolamo, Defendant–Appellant.**

**No. 1587, Docket 95–1571.**

United States Court of Appeals, Second Circuit.

Petition for Rehearing Sept. 20, 1996.

Decided Nov. 12, 1996.

Richard D. Willstatter, Green & Willstatter, White Plains, NY, for Defendant–Appellant.

Mary Jo White, United States Attorney, Southern District of New York, New York City, John M. McEnany, Anthony J. Siano, Assistant United States Attorneys, White Plains, NY, for Appellee.

Before: KEARSE, WINTER and CALABRESI, Circuit Judges.

## ON PETITION FOR REHEARING

On petition for rehearing, we hold that our decision does not conflict with the holding in *United States v. Oliveras,* 905 F.2d 623 (2d Cir.1990).

The petition for rehearing is denied.

WINTER, Circuit Judge:

After the denial of rehearing by the panel and in response to DeGerolamo's suggestion for rehearing in banc, the matter was referred back to the panel to address the argument that *United States v. Oliveras,* 905 F.2d 623 (2d Cir.1990), requires reversal. We write to indicate why we believe that *Oliveras* is entirely distinguishable. Familiarity with our prior decision, *United States v. Bryser,* 95 F.3d 182 (2d Cir.1996), is assumed.

In *Oliveras,* the defendant was denied a reduction in offense level for acceptance of responsibility because he refused to admit to other criminal acts. Acceptance of responsibility embodies "a confession is good for the soul" principle, and Oliveras's sole choice was to confess personally to uncharged criminal acts or to forgo the reduction.

In the present case, DeGerolamo received an upward departure because he never presented credible evidence explaining the disposition of the stolen cash. Unlike Oliveras, DeGerolamo was not required to provide an explanation specifically confessing to other criminal acts; any credible explanation—e.g. legal gambling losses—would have done. Unlike Oliveras, DeGerolamo was not required to make a personal confession; any evidence—e.g. authenticated casino records or testimony by casino employees—would have done.

The fact that DeGerolamo's explanation may have involved other criminal acts that apparently can be proven only by his testimony—or so he claims, as would every future defendant in the same shoes if this case went the other way—hardly entitles him to a bonus. Nor can it be said that he is suffering a legal "penalty" because of a dilemma that was the foreseeable consequence of his own

criminal acts. In contrast, Oliveras was told, "Confess or else."

We again deny the petition for rehearing.